**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DEENA C. BROWN,
      Appellant,

      v.

DEPARTMENT OF DEFENSE,
      Agency.

DOCKET NUMBER
SF-0752-16-0386-I-1

DATE: February 28, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Bradley R. Marshall</u>, Charleston, South Carolina, for the appellant.

<u>Douglas W. Frison</u>, Esquire, and <u>Jonathan A. Beyer</u>, Esquire, APO,
    APO/FPO Pacific, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's due process claim, we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2       The agency removed the appellant from the position of School Principal at a Department of Defense school in Korea based on two charges, conduct unbecoming a school principal and lack of candor. Specifically, regarding the conduct unbecoming charge, the agency alleged as follows:

> On December 30, 2015, while at the Millezoo Animal Supply Shop, Chinhae, Korea, you violently swept merchandise off the sales counter to the floor. Then, when the Korean shopkeeper tried to get you to remain at the shop until the local police arrived, you swung and hit him with a dog leash and pushed him. You again swept your arm across the counter and more merchandise fell from the counter. Your confrontation with the store owner continued outside the store and you swung and kicked at him. This was visible to the public. As a result of your disorderly behavior, the shopkeeper's cell phone was damaged and the shopkeeper's dog was seriously injured. This conduct is unsuitable for a school principal.

Initial Appeal File (IAF), Tab 14 at 81.

¶3       Regarding the charge of lack of candor, the agency brought two specifications as follows:

Specification 1: Later on December 30, 2015 you reported the incident as an "FYI" to the Korea District Superintendent Office (KDSO), stating:

This afternoon (off-duty) I had a brief disagreement with a Korean store owner. We both voluntarily went to the police station to resolve the matter and although we've both apologized and realized gross miss communication [sic] was the root cause a local police report was started. We both left on amicable terms; I wanted to give you a heads up. I will let you know if/when more information becomes available.

You failed to disclose facts which under the circumstances should have been disclosed to make your account of what happened accurate and complete. You impermissibly left KDSO with the impression that your interaction with the shopkeeper was a minor event.

Specification 2: On January 14, 2016, when the Korean National Police (KNP) questioned you regarding the December 30, 2015 incident with the shopkeeper you stated that you accidentally hit the items off the counter and that you did not do it intentionally. A review of the closed circuit TV footage of the incident shows that your claim that you accidentally hit the items of [sic] the counter is implausible.

*Id.* at 81-82. In selecting the removal penalty, the agency relied on the appellant's prior discipline, a 5-day suspension for unprofessional conduct, failure to follow instructions, and lack of candor. *Id.* at 82.

¶4 The appellant appealed the agency's action to the Board, alleging that the agency did not prove the charged misconduct. IAF, Tab 1 at 6-7.[2] She also

---

[2] An employee who believes that he or she has been subjected to a discriminatory personnel action must elect between filing an appeal directly with the Board, or filing a formal equal employment opportunity (EEO) complaint with the agency and appealing to the Board upon exhaustion of that complaint process. 5 U.S.C. § 7702(a); 5 C.F.R. § 1201.154(a), (b); 29 C.F.R. § 1614.302(b); *see Peltier v. Department of Justice*, 79 M.S.P.R. 674, ¶ 7 (1998). The record reflects that, in October 2015, the appellant filed a formal EEO complaint alleging race and color discrimination, and reprisal for having filed earlier EEO complaints. IAF, Tab 14 at 17. Subsequently, on March 31, 2016, she attempted to amend the complaint to include an allegation that the agency discriminated against her in taking the removal action. *Id*. at 17, 21-23. The agency denied the appellant's attempt to amend her complaint, treated her allegation that the removal action was discriminatory as a new complaint, requiring that she begin the complaint process by contacting a counselor. *Id*. at 18. The appellant filed this appeal

alleged that the agency violated her due process rights. *Id*. at 11-16. Additionally, she alleged that the agency did not prove nexus between the misconduct and the efficiency of the service and argued that the penalty was unreasonable.[3] *Id*. at 7-11, 16-18.

¶5 The administrative judge found that the agency proved the charge of conduct unbecoming a school principal. IAF, Tab 27, Initial Decision (ID) at 7-9. Her finding relied on the closed-circuit television recording of the majority of the appellant's interactions with the store owner.[4] ID at 8-9. She also found that the appellant reacted to what amounted to a minor disappointment, that the store owner would not allow her to return a dog leash that she had purchased earlier, by damaging store property, and, when the owner/clerk calmly tried to keep her inside the store until police arrived, the appellant again overreacted by kicking the owner. ID at 9.

¶6 The administrative judge further found that the agency proved only specification 2 of the lack of candor charge. ID at 9-12. She found that the video showed that the appellant twice intentionally hit items off the store counter. ID at 12. Thus, she found that the appellant's statement that she accidentally knocked items off the counter showed a lack of candor. *Id*. The administrative judge found that, because the agency proved specification 2 of the lack of candor charge, it proved the charge. *Id.*

¶7 The administrative judge also found that the agency afforded the appellant her due process rights and that the appellant failed to prove that the agency

---

before she filed a formal EEO complaint alleging that her removal was discriminatory. Thus, she elected to file the appeal of her removal directly with the Board.

[3] The appellant also alleged discrimination and harassment by the agency. IAF, Tab 1 at 11-14. However, she withdrew these affirmative defenses in her prehearing submissions. IAF, Tab 20 at 11.

[4] The camera captured the entirety of the appellant's interaction with the store owner inside the store. IAF, Tab 26. However, when the appellant exited the store and continued her altercation with the store owner, the outside camera was sometimes blocked by a flag that was flying. *Id.*

committed harmful procedural error. ID at 12-17. Finally, the administrative judge found that the agency proved nexus between the appellant's off-duty misconduct and the efficiency of the service, and that the removal penalty was within the bounds of reasonableness. ID at 17-25.

¶8 In her petition for review, the appellant alleges that the administrative judge improperly denied witnesses that she requested, denied a motion to facilitate depositions, and failed to caution agency counsel against contumacious and unethical conduct. Petition for Review (PFR) File, Tab 3 at 23-28. She also asserts that the administrative judge erred in finding that the agency proved its charges, that the agency afforded the appellant due process, and that the agency proved nexus and the reasonableness of the penalty. *Id*. at 10-23, 28-30. The agency has responded in opposition to the petition, PFR File, Tab 5, and the appellant has replied to the response, PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge did not abuse her discretion in conducting the proceedings before her.</u>

¶9 In a May 10, 2016 order, the administrative judge directed the parties to file a list of witnesses on or before August 1, 2016. IAF, Tab 16 at 3. The appellant submitted a witness list and a supplemental witness list on August 3, 2016, blaming the 2-day untimeliness of her submission on computer issues experienced by her representative. IAF, Tab 20 at 11-13, Tab 21 at 4, Tab 22 at 3. The administrative judge found that the appellant failed to show good cause for her delayed submission and did not consider the appellant's[5] witness requests. IAF, Tab 22 at 3.

---

[5] The administrative judge stated that she was not considering "the agency's witness requests." IAF, Tab 22 at 3. It is clear, however, that she meant that she was not considering the appellant's witness requests, as she considered all of the witness requests submitted by the agency. *Id*.

¶10     On review, the appellant asserts that the administrative judge erred in denying her witness requests.  PFR File, Tab 3 at 23-25.  We disagree.  An administrative judge has broad discretion to control the proceedings and to rule on witnesses.  *Doe v. Department of Justice*, 118 M.S.P.R. 434, ¶ 38 (2012).  This includes the power to deny witnesses requested after the deadline for filing prehearing submissions.  *Stewart–Maxwell v. U.S. Postal Service*, 56 M.S.P.R. 265, 270 (1993) (finding that the administrative judge did not abuse her wide discretion to control the proceedings before her by denying a witness requested by the appellant after the deadline for filing prehearing submissions); *see Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 18 (2016) (finding that the administrative judge did not err by ruling that the appellant could not present witnesses at the hearing when she did not submit a prehearing submission), *clarified by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-24.  Here, the administrative judge's May 10, 2016 order afforded the parties until August 1, 2016 to submit their witness lists.  Thus, the appellant had ample time to comply, and the administrative judge properly found the submission untimely filed without good cause shown.

¶11     The appellant also asserts on review that the administrative judge improperly denied her motion to facilitate depositions.  PFR File, Tab 3 at 25-26; IAF, Tab 10 at 4-5.  In her motion, the appellant complained that the agency representative was not cooperating in finding a mutually agreeable date to depose several agency witnesses and that her representative had listed several possible dates for the deposition.  IAF, Tab 10 at 5.  In her order denying the motion, the administrative judge noted that the appellant's counsel had noticed depositions on dates that he knew agency counsel was unavailable.[6]  IAF, Tab 12 at 2 n.1.  She

---

[6] According to the administrative judge, one of the alternative dates proposed by the appellant's representative was a day on which both the appellant's representative and the agency's representative would be appearing for a hearing in another case.  IAF, Tab 12 at 2 n.1.

informed the parties that she would not intervene in discovery disputes until the representatives had engaged in a meaningful "meet and confer" over the issues. *Id*. The administrative judge's order is consistent with the Board's regulatory guidance regarding discovery that the parties "are expected to start and complete discovery with a minimum of Board intervention." 5 C.F.R. § 1201.71. Moreover, there is no indication that the appellant filed a motion to compel discovery following the administrative judge's order for the parties to "meet and confer" and thus the appellant is precluded from raising discovery-related matters on review. *Gardner*, 123 M.S.P.R. 647, ¶ 26.

¶12     The appellant contends that the administrative judge improperly failed to caution agency counsel for his repeated disparaging comments about the appellant's representative. PFR File, Tab 3 at 26. The administrative judge mentioned in discussing her denial of the appellant's motion to facilitate depositions that the parties' representatives had litigated matters against each other in the past, and their interactions during the course of this appeal were tempered by these past experiences. IAF, Tab 12 at 2. She cautioned both representatives that this was no excuse for failing to genuinely meet and confer regarding issues, for not treating each other with professionalism and respect, and for not presenting their perspectives in a respectful tone. *Id*. We find that the appellant's mere assertion that the agency counsel made disparaging remarks, especially without identifying whether they post-dated the administrative judge's language  encouraging cooperation between the representatives, does not rise to the level of allegations of contumacious conduct requiring sanctioning of the agency counsel by the administrative judge. *See Bernstein v. Department of the Army*, 82 M.S.P.R. 375, ¶12 (1999); *West v. U.S. Postal Service*, 44 M.S.P.R. 551, 560-61 (1990); 5 C.F.R. § 1201.43(d) (providing that an administrative judge may exclude or limit the participation of a representative or other person in a case for contumacious conduct or conduct prejudicial to the administration of justice).

<u>The administrative judge properly found that the agency proved its charge of Conduct Unbecoming a School Principal.</u>

¶13    To prove a charge of conduct unbecoming, the agency is required to demonstrate that the appellant engaged in the underlying conduct alleged in support of the broad label. *Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010). Conduct unbecoming includes conduct which was improper, unsuitable or detracting from one's character or reputation. *See Social Security Administration v. Long*, 113 M.S.P.R. 190, ¶ 42 (2010), *aff'd*, 635 F.3d 526 (Fed. Cir. 2011). The appellant contends that the agency failed to prove the conduct unbecoming charge, alleging that the agency provided no evidence of the chain of custody of the videos showing the appellant's actions in the pet store, and she generally challenges its accuracy. PFR File, Tab 3 at 14-15. As explained below, we find that the appellant's assertions are unavailing.

¶14    The appellant raised this issue below, and the administrative judge carefully considered the matter. She explained that the videos were obtained by the Korean police during its investigation of the appellant's conduct at the pet store and were provided to the agency by the police. ID at 8. She acknowledged that the agency could not attest to the precise chain of custody of the videos. *Id.* She explained further that the agency has produced two separate sets of videos in this appeal: the first is two short videos that appear to be the store's recording as it played on a screen (*i.e.,* an individual appears to have recorded the video while the closed circuit television (CCTV) video was playing on the screen at the store); and the second is two longer sets of video that appear to be the CCTV video of the appellant's visit to the pet store in its entirety. *Id.*

¶15    The administrative judge found that the short clips of the video recorded from the CCTV while the appellant was present with the police at the store match those portions of the longer video. ID at 9. The appellant's general disagreement with this finding is insufficient to show that what was presented on the video is not reliable evidence of her actions in the pet store. *Id.* We therefore agree with

the administrative judge's finding that there is no reason to doubt the reliability of these recordings.

¶16 The appellant contends that the administrative judge improperly admitted the investigative record developed by the proposing official as proof of the charged misconduct because that investigative record is wholly hearsay. PFR File, Tab 3 at 10-11. Hearsay evidence is admissible in Board proceedings, and the assessment of the probative value of hearsay evidence necessarily depends on the circumstances of each case. *Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶ 15 (2014); *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 83-87 (1981). The administrative judge properly admitted the proposing official's investigative notes as part of the agency's prehearing submissions, IAF, Tab 19 at 44, but there is no evidence that the administrative judge gave it any weight.

¶17 Thus, we find that the agency demonstrated that the appellant engaged in the underlying conduct alleged in support of the conduct unbecoming charge. *Canada*, 113 M.S.P.R. 509, ¶ 9. The appellant's conduct in the pet store was improper and unsuitable, especially for a school principal. *See Long*, 113 M.S.P.R. 190, ¶ 42. The appellant's assertions that the agency did not prove the conduct unbecoming charge are unavailing.

The administrative judge properly found that the agency proved the charge of lack of candor.

¶18 An agency alleging lack of candor must prove the following elements: (1) that the employee gave incorrect or incomplete information; and (2) that she did so knowingly. *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 17 (2016). As noted, the administrative judge found that the agency proved only one of the two specifications of the lack of candor charge, i.e., that, in response to questions from the KNP regarding the December 30, 2015 incident with the shopkeeper, she stated that she accidentally hit the items off the counter and that she did not do it intentionally. IAF, Tab 14 at 102. We agree with the

administrative judge that the video evidence of the appellant's conduct shows that she intentionally hit items off the pet store counter twice. IAF, Tab 26 (Video Recording). Thus, the administrative judge properly found that the appellant gave the police incorrect information and did so knowingly. *See Fargnoli*, 123 M.S.P.R. 330, ¶ 17. Because the agency proved one specification under the lack of candor charge, the agency proved the charge. *See Miller v. U.S. Postal Service*, 117 M.S.P.R. 557, ¶ 17 (2012) (finding that when there is one charge with multiple factual specifications set out in support of the charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge). The appellant's assertion that the agency failed to prove the lack of candor charge is unavailing.

The appellant's assertion that the agency denied her due process is unavailing.

¶19       The appellant asserts on review, as she did below, that the agency denied her constitutional due process and violated 5 U.S.C. § 7513 by refusing to schedule an oral response to the notice of proposed removal. PFR File, Tab 3 at 28. The notice of proposed removal, which was received by the appellant on February 2, 2016, informed her that she had 10 calendar days to reply in writing or "personally" to the deciding official. IAF, Tab 14 at 82-84. Subsequently, the appellant requested a 30-day extension to reply to the proposed removal, but the deciding official granted a 10-day extension for the appellant to make both her written and oral replies. IAF, Tab 19 at 122. The appellant made a detailed written response to the proposed removal, but did not make an oral response. IAF, Tab 14 at 58-79.

¶20       In her initial decision, the administrative judge found that the agency granted the appellant ample opportunity, 20 days, to make an oral reply, but she elected not to do so. ID at 17. The administrative judge found that the appellant did not identify any agency policy or procedure that required that the appellant be granted more than 20 days to present an oral reply. *Id*. Thus, the administrative judge concluded that she did not discern a procedural error. *Id*.

¶21　　　　The administrative judge did not specifically address whether the deciding official's refusal to extend the time for the appellant to make an oral reply violated the appellant's constitutional or statutory due process rights. We find that the deciding official's refusal did not violate those rights. The Constitution affords the appellant, as part of minimum due process, an opportunity to reply to the proposed removal either in writing or in person, but does not guarantee her a right to both an oral and written reply. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985) (finding that due process requires that, prior to deprivation of a property interest in employment, a tenured employee is entitled to "[t]he opportunity to present reasons, either in person <u>or</u> in writing, why proposed action should not be taken") (emphasis supplied); *Ray v. Department of the Army*, 97 M.S.P.R. 101, ¶ 22 (2004), *aff'd*, 176 F. App'x 110 (Fed. Cir. 2006). Section 7513(b) provides that an employee is entitled to "a reasonable time, but not less than 7 days," to respond to a proposed disciplinary action "orally and in writing." Here, the agency afforded the appellant 20 days to make a reply and, as noted, the appellant made a written reply. The appellant has not shown how 20 days was not a reasonable period of time to make her oral reply. Thus, we find the appellant's contention without merit.

<u>The administrative judge properly found that the agency proved nexus between the appellant's misconduct and the efficiency of the service.</u>

¶22　　　　In addition to the requirement that the agency prove its charges, the agency also must prove that there is a nexus, i.e., a clear and direct relationship between the articulated grounds for an adverse action and either the appellant's ability to accomplish his duties satisfactorily or some other legitimate Government interest. *Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 8 (2010). An agency may show nexus between off-duty misconduct and the efficiency of the service by three means: (1) a rebuttable presumption in certain egregious circumstances; (2) preponderant evidence that the misconduct adversely affects the appellant's or co-workers' job performance or the agency's trust and confidence in the

appellant's job performance; or (3) preponderant evidence that the misconduct interfered with or adversely affected the agency's mission. *Id*., ¶ 9.

¶23 We agree with the administrative judge that the agency established that the appellant's conduct in the pet store on December 30, 2015, and her subsequent lack of candor with the KNP adversely affected the agency's trust and confidence in the appellant's job performance. ID at 18. As the administrative judge found, the agency established through the credible testimony of those in the appellant's supervisory chain that the appellant's misconduct had caused them to lose confidence in her ability to perform the specific duties of her position as school principal, which required her to serve as the face of the school with the military community and the local Korean community. The appellant's altercation with the pet store owner required the involvement of on-base resources and local police involvement, and became known by locals in the community. ID at 17-21. Thus, the agency established that the appellant's misconduct adversely affected the agency's trust and confidence in her ability to perform her job. *See Ellis*, 114 M.S.P.R. 407, ¶ 9.

The administrative judge properly found that the agency established that the removal penalty was within the bounds of reasonableness.

¶24 When all of the agency's charges are sustained, but some of the underlying specifications are not sustained, the agency's penalty determination is entitled to deference and should be reviewed only to determine whether it is within the parameters of reasonableness. *Payne v. U.S. Postal Service*, 72 M.S.P.R. 646, 650 (1996). In determining whether the selected penalty is reasonable, the Board defers to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency. *Archerda v. Department of Defense*, 121 M.S.P.R. 314, ¶ 25 (2014). The Board recognizes that its function is not to displace management's responsibility or to decide what penalty it would impose but to assure that management's judgment has been properly exercised and that the agency's selected penalty does not exceed the maximum limits of

reasonableness. *Id.* Thus, the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the imposed penalty clearly exceeded the bounds of reasonableness. *Id.*

¶25     Among the factors that an agency may weigh is an appellant's past disciplinary record. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). The appellant argues that the agency improperly considered her prior suspension for unprofessional conduct because the suspension remains an issue in EEO litigation. PFR File, Tab 3 at 31. The Board's review of a prior disciplinary action in determining whether it may be considered in a penalty *Douglas* analysis is limited to determining whether that action is clearly erroneous, if the employee was informed of the action in writing, the action is a matter of record, and the employee was permitted to dispute the charges before a higher level of authority than the one that imposed the discipline. *Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 339-40 (1981). Here, the agency has shown that it informed the appellant in writing of the prior suspension, it was a matter of record, and the appellant was permitted to dispute the charges in it before a higher authority. IAF, Tab 14 at 122. That the suspension is an issue in a pending EEO complaint does not establish that the prior suspension was clearly erroneous. Thus, the agency properly relied on the appellant's prior suspension in determining a reasonable penalty.

¶26     The appellant contends that the deciding official did not sufficiently consider the appellant's medical condition. PFR File, Tab 3 at 29. Contrary to the appellant's assertion, the deciding official considered the information that the appellant provided regarding the medication that she was taking in determining the appropriate penalty. IAF, Tab 14 at 56. The deciding official considered the information mitigating, but did not find that it warranted mitigating the penalty, in part because the information about the appellant's medical conditions conflicted in some respects with her subsequent statement to police that she accidentally knocked items off the pet store counter. *Id.*

¶27        The deciding official considered that, moreover, the appellant's serious misconduct resulted in a negative impression of the agency in the community, with base command, and with parents who have students in the school. *Id.* at 54. She also considered that the appellant's conduct undermined the relationships that the military and agency civilians had built over time, and damaged the good will that the agency had developed with Korean neighbors and allies. *Id.* Further, she considered that the appellant was aware of the importance of fostering positive community relations and of conducting herself in a professional manner as partnership with the community was an element of her performance appraisal. *Id.* The deciding official appended a *Douglas* factors analysis to the removal decision, which reflects that she carefully considered the *Douglas* factors and how each one applied to the appellant's situation. *Id.* at 54-57. We find that the deciding official weighed the relevant factors in arriving at the penalty of removal. The appellant's assertion that the removal penalty exceeds the bounds of reasonableness is unavailing.

¶28        Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 77960
> Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> 131 M Street, N.E.
> Suite 5SW12G
> Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

> http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                   /s/ for
                                   _____
                                   Jennifer Everling
                                   Acting Clerk of the Board
Washington, D.C.